**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
IOWA CENTRAL DIVISION**

| | |
|---|---|
| NAOMI JONES,<br><br>          Plaintiff,<br><br>vs.<br><br>TRANS UNION, LLC<br><br>          Defendant. | Civil Action No.<br><br><br>COMPLAINT and DEMAND FOR JURY TRIAL |

COMES NOW the Plaintiff, Naomi Jones ("Plaintiff" or "Jones") by and through her attorney, L. Ashley Zubal, and for her Complaint against Trans Union, LLC (hereinafter "Defendant" or "Trans Union"), alleges as follows:

## INTRODUCTION

1.  This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C § 1681 *et seq*. ("Federal Fair Credit Reporting Act" or "FCRA").

## JURISDICTION AND VENUE

2.  The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.  Venue in this District is proper in that the Defendant transacts business in Iowa and the conduct complained of occurred here.

## PARTIES

4.  The Plaintiff, Jones, is a natural person and resident of the State of Iowa.

5.  Jones is a "consumer" as defined by 15 U.S.C § 1681a(c).

6.  TransUnion is a corporation incorporated under the laws of the State of Delaware and with its principal place of business located at 555 West Adams, Chicago, Illinois 60661.

7.  TransUnion does conduct business in this judicial district and is authorized to do business in the State of Iowa.

8.  Upon information and belief, TransUnion, LLC is a "Consumer reporting agency" as defined in 15 U.S.C. § 1681a(f). Upon information and belief, TransUnion, LLC regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

9.  Upon information and belief, TransUnion disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

10. On or about June 16, 2010 NCOP Capital III LLC filed an Action for Money Judgment Petition in the Iowa District Court for Clarke County, Iowa, case no. SCSC014182 ("the action") naming the Plaintiff, Naomi Jones, as a defendant.

11. On or about August 04, 2010, Judgment was entered against Naomi Jones in the above-referenced matter in the amount of $4,947.46 with interest at the rate of 2.32 percent.

12. On or about July 22, 2010 Jones filed a petition for bankruptcy relief pursuant to Chapter 7 of Title 11 of the United States Code in the Bankruptcy Court for the Southern District of Iowa. Said bankruptcy filing was assigned case number 10-03709-als7.

13. NCOP Capital III LLC was listed as a creditor in the Plaintiff's Schedule F. The Bankruptcy Noticing Center mailed NCOP's counsel Notice of Chapter 7 Bankruptcy Filing via first class mail on July 25, 2010. The notice instructed that collection actions were prohibited and provided NCOP's counsel with the name, address and telephone number of the Debtor's attorney.

14. On or about August 5, 2010 counsel for NCOP Capital III LLC filed a Dismissal Without Prejudice in the action against the Plaintiff.

15. The Plaintiff received her Chapter 7 Bankruptcy discharge on October 26, 2010.

16. At no point in time did the Plaintiff execute a reaffirmation agreement with NCOP Capital III LLC.

17. Sometime after August 4, 2010 Experian, Equifax, and TransUnion began reporting in the Public Records section of the respective credit reports that there was an active judgment against Jones in favor of NCOP Capital III LLC.

18. Sometime during September, 2012, the Plaintiff met with a potential lender seeking financing on the purchase of a home. The lender advised the Plaintiff upon checking her credit that due to the NCOP judgment reporting under the public records, she was not eligible for financing.

19. The Plaintiff drafted a dispute letter to Trans Union, Experian and Equifax dated September 28, 2012. Said letter identified the Plaintiff's personal information identifiers such as her address and social security number, the disputed creditor, account and erroneous status or remarks. Said letter included the Plaintiff's relevant bankruptcy

information and requested the bureaus reinvestigate the reporting and update to show the judgment was included in bankruptcy or in the alternative delete the trade line.

20. The Plaintiff forwarded the September 28, 2012 correspondence to each identified bureau via certified mail and attached to each dispute letter corroborating documents including a copy of the corresponding credit report as well as a copy of her Chapter 7 Bankruptcy Discharge Order.

21. The Plaintiff received a reinvestigation report from Equifax dated October 08, 2012. Equifax indicated that after reviewing the judgment information the item was deleted from the Plaintiff's credit report.

22. The Plaintiff received a reinvestigation report from Experian dated October 09, 2012. Experian indicated that the item was deleted from the Plaintiff's credit report.

23. The Plaintiff received a reinvestigation report from the Defendant, Trans Union, which was dated October 26, 2012. The report indicated the public record judgment trade line as verified, no change.

24. Notwithstanding the dispute, Trans Union verified the trade line and continues to inaccurately report a judgment against the Plaintiff under the public records section of her credit report.

25. The derogatory and inaccurate information disputed by the Plaintiff negatively reflects on the Plaintiff, her financial responsibility as a debtor and her credit worthiness.

26. Trans Union did not request additional information from the Plaintiff about the disputed information.

27. Other than its public records vendors (the identities of which are unknown to the Plaintiff at this time), Trans Union did not contact third parties, including the Clarke

County District Clerk of Court or the United States Bankruptcy Court for the Southern District of Iowa, that would have relevant information concerning the disputed information.

28. Trans Union did not forward any relevant information concerning Plaintiff's dispute to the person or persons supplying the inaccurate information.

29. Trans Union failed to perform reasonable investigations of the above disputes.

30. Trans Union failed to remove the disputed information and/or failed to note the disputed status of the inaccurate information, or both.

31. Trans Union failed to indicate that the disputed information had been included and discharged in bankruptcy.

32. Trans Union continues to publish and disseminate the disputed information to third parties as of today's date.

33. The Plaintiff has continued to be denied credit subsequent to Trans Unions verified account correspondence dated October 26, 2012.

34. Trans Union's conduct proximately caused Plaintiff's actual damages, including but not limited to: harm to credit reputation, emotional distress and mental anguish; and out of pocket expenses.

35. At all times relevant hereto, Trans Union was acting through its agent's servants and /or employees who were acting within the scope of their employment or agency, or both, and under the direct supervision of Trans Union.

36. At all times relevant hereto, Trans Union's conduct was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the Plaintiff's rights.

## FIRST CLAIM FOR RELIEF AGAINST TRANSUNION

37. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. Trans Union violated the 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure minimum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

39. Trans Union is liable to Plaintiff for willfully and negligently failing to comply with the Fair Credit Reporting Act 15 U.S.C. § 1681e, pursuant to 15 U.S.C. §§ 1681n and o.

40. As a result of this conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

41. The Defendant's conduct was a substantial factor in directly and proximately causing Plaintiff's injuries and damages as outlines above.

42. The Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, plus attorney fees and costs.

**WHEREFORE,** Plaintiff prays that judgment be entered against the Defendant, based on the following relief requested:

   a.   Actual damages;

   b.   Statutory damages;

   c.   Punitive Damages;

   d.   Costs and reasonable attorney fees; and

   e.   Such other and further relief as may be necessary, just and proper.

## SECOND CLAIM FOR RELIEF AGAINST TRANSUNION

43. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. TransUnion violated 15 U.S.C § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

45. Trans Union is liable to Plaintiff for willfully and negligently failing to comply with the Fair Credit Reporting Act 15 U.S.C. § 1681i, pursuant to 15 U.S.C. §§ 1681n and o.

46. As a result of this conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

47. The Defendant's conduct was a substantial factor in directly and proximately causing Plaintiff's injuries and damages as outlines above.

48. The Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, plus attorney fees and costs.

**WHEREFORE,** Plaintiff prays that judgment be entered against the Defendant, based on the following relief requested:

      f.   Actual damages;

      g.   Statutory damages;

    h.   Punitive Damages;

    i.   Costs and reasonable attorney fees; and

    j.   Such other and further relief as may be necessary, just and proper.

## THIRD CLAIM FOR RELIEF AGAINST TRANSUNION

49. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. Defendant's foregoing actions and omissions, including but not limited to reporting errors on Plaintiff's credit reports, constitute credit defamation.

51. Defendant's foregoing actions and omissions were intentional and malicious.

52. As a result of the Defendant's intentional and malicious credit defamations, the Plaintiff has suffered actual damages as detailed above.

## JURY DEMAND

The Plaintiff respectfully requests a trial by jury.

Respectfully submitted,

   /s/ L. Ashley Zubal
L. Ashley Zubal IS9998256
Marks Law Firm, P.C.
4225 University Avenue
Des Moines, IA 50311
(515) 276-7211
(515) 276-6280
ATTORNEY FOR PLAINTIFF